SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court and may not summarize all portions of the opinion.

**State v. Timothy J. Canfield** **(A-53-21) (086644)**

**(NOTE: The Court did not write a plenary opinion in this case. The Court affirms as modified the judgment of the Appellate Division substantially for the reasons expressed in Judge Susswein's opinion, published at 470 N.J. Super. 234 (App. Div. 2022).)**

**Argued November 7, 2022 -- Decided January 11, 2023**

**PER CURIAM**

The Court considers the Appellate Division's determination that it was not plain error for the trial court to fail to charge the jury on the lesser-included offense of passion/provocation manslaughter when defendant did not request the instruction. The Court also considers whether, as recommended by the Appellate Division, trial courts should be required in certain cases to consider whether to instruct the jury on that lesser-included offense even if no party requests the instruction.

In January 2013, defendant Timothy J. Canfield shot and killed K.P., his sister-in-law's former boyfriend. Defendant claimed that he acted in self-defense. He testified that K.P., who was HIV-positive, came towards him during their argument while holding an object that defendant believed to be a hypodermic syringe. Defendant was charged with first-degree murder.

At the charge conference, defendant objected to giving any instruction on lesser-included offenses, but the trial court charged the jury on aggravated and reckless manslaughter. Defendant did not request an instruction on passion/ provocation manslaughter, and the court did not instruct the jury, sua sponte, on that lesser-included offense. The jury acquitted defendant of murder but convicted him of the lesser-included offense of aggravated manslaughter, among other offenses.

The Appellate Division held that it was not plain error for the trial court not to give the passion/provocation manslaughter instruction because even accepting defendant's version of the fatal confrontation, that instruction was not clearly indicated. 470 N.J. Super. 234, 293 (App. Div. 2022). But the appellate court proposed a measure to ensure that the appropriateness of a passion/provocation manslaughter instruction be considered first by the trial court. Id. at 260.

1

The Appellate Division recommended a new procedural rule: "when, in a murder prosecution, the trial court determines to instruct the jury on self-defense at the charge conference . . . , the court should also consider and make specific findings on the record as to whether to instruct the jury on the lesser-included offense of passion/provocation manslaughter, regardless of whether either party has requested that instruction." Ibid. To implement its proposed rule, the Appellate Division recommended that the model jury instructions for murder, aggravated manslaughter, manslaughter, and self-defense be reviewed. Id. at 301.

The Court granted certification. 251 N.J. 38 (2022).

**HELD:** The Court affirms as modified the judgment of the Appellate Division substantially for the reasons stated in Judge Susswein's published opinion. The Court explains why it does not believe the Appellate Division's proposed procedural rule is necessary.

1. The Appellate Division correctly applied the plain error standard of review because the invited error doctrine does not apply in this case. The trial court could not have actually relied on defendant's position that the jury should not be charged on any lesser-included offenses because the trial court did charge the jury on two lesser-included offenses. (pp. 2-3)

2. Different standards apply depending on whether the defendant requests a lesser-included offense instruction. If the defendant requests such a charge, the trial court must include it if, viewing the evidence in the light most favorable to the defendant, there is a rational basis in the record for doing so. If the defendant does not request a lesser-included offense charge, the instruction is only required if "clearly indicated" by the facts in evidence. That is, only if the evidence is jumping off the page must the court give the instruction sua sponte. (pp. 3-4)

3. The Court adopts the Appellate Division's analysis of why it was not plain error for the trial court not to give a passion/provocation instruction sua sponte. (pp. 4-5)

4. The Court departs from the Appellate Division's decision only as to whether a new procedural rule is warranted. The Appellate Division, parties, and amici cite only three published cases in the past three decades in which a jury verdict was reversed because the court's failure to instruct the jury on passion/provocation manslaughter sua sponte was found to be plain error. Given the apparent infrequency of such plain errors, the Court does not view the Appellate Division's proposed procedural rule to be critical to protecting otherwise valid jury verdicts from reversal. (pp. 5-8)

2

5.  The "clearly indicated" standard was specifically created by appellate courts and is more appropriately a tool of post-verdict and appellate review.  Because the Court believes the current practice correctly balances the interests of the prosecution, the defense, and the public, it declines to adopt the proposed rule.  (pp. 8-9)

**AFFIRMED AS MODIFIED.**

**CHIEF JUSTICE RABNER; JUSTICES PATTERSON, SOLOMON, PIERRE-LOUIS, WAINER APTER, and FASCIALE; and JUDGE SABATINO (temporarily assigned) join in this opinion.**

# SUPREME COURT OF NEW JERSEY

## A-53 September Term 2021

## 086644

State of New Jersey,

Plaintiff-Respondent,

v.

Timothy J. Canfield,

Defendant-Appellant.

On certification to the Superior Court,
Appellate Division, whose opinion is reported at
470 N.J. Super. 234 (App. Div. 2022).

| Argued | Decided |
|---|---|
| November 7, 2022 | January 11, 2023 |

Zachary G. Markarian, Assistant Deputy Public
Defender, argued the cause for appellant (Joseph E.
Krakora, Public Defender, attorney; Zachary G.
Markarian, of counsel and on the briefs, and Ruth E.
Hunter, Designated Counsel, on the briefs).

Jason Magid, Assistant Prosecutor, argued the cause for
respondent (Grace C. MacAulay, Camden County
Prosecutor, attorney; Jason Magid and Rachel M. Lamb,
Assistant Prosecutor, of counsel and on the briefs).

Raymond Brown argued the cause for amicus curiae
Association of Criminal Defense Lawyers of New Jersey
(Pashman Stein Walder Hayden, attorneys; CJ Griffin, on
the brief).

Lila B. Leonard, Deputy Attorney General, argued the cause for amicus curiae Attorney General of New Jersey (Matthew J. Platkin, Attorney General, attorney; Lila B. Leonard, of counsel and on the brief).

PER CURIAM

In this appeal, defendant claims it was plain error for the trial court to fail to charge the jury, sua sponte, on passion/provocation manslaughter when defendant did not request that instruction at trial. The judgment of the Appellate Division is affirmed substantially for the reasons stated in Judge Ronald Susswein's thoughtful and thorough opinion. State v. Canfield, 470 N.J. Super. 234 (App. Div. 2022). We add the following comments to explain why we do not believe the Appellate Division's proposed procedural rule is necessary.

First, we agree with the Appellate Division that the invited error doctrine does not apply in this case. Id. at 287-88. The trial court could not have "actually . . . rel[ied] on the defendant's position" during the charge conference that the jury should not be charged on any lesser-included offenses, because the trial court did charge the jury on two lesser-included offenses: aggravated manslaughter and reckless manslaughter. Id. at 287 (omission in original) (quoting State v. Jenkins, 178 N.J. 347, 358 (2004)). Therefore, the

2

Appellate Division correctly applied the plain error standard of review. Id. at 287-88.

We also concur with the Appellate Division's careful description of the different standards that apply depending on whether the defendant requests a lesser-included offense instruction during the charge conference. As the Appellate Division explained, see id. at 271-72, if the defendant requests such a charge, the trial court must include it if, viewing the evidence in the light most favorable to the defendant, there is a "rational basis in the record for doing so," State v. Denofa, 187 N.J. 24, 42 (2006). The rational-basis test "imposes a low threshold" -- when defendant requests a lesser-included offense charge, the court must "examine the record thoroughly to determine if the rational-basis standard has been satisfied." Canfield, 470 N.J. Super. at 272 (quoting State v. Crisantos, 102 N.J. 265, 278 (1986)).

However, if the defendant does "not request a lesser-included offense charge" at the conference, the instruction is only required if it is "clearly indicated" by the facts in evidence. Ibid. (quoting State v. Fowler, 239 N.J. 171, 188 (2019)). In applying the "clearly indicated" standard, the court must not consider "the credibility of the witnesses" or the "worth" of the evidence; rather, it must look only to the "existence of evidence to support the lesser included offense [charge]." Id. at 289 (quoting State v. Samuels, 189 N.J. 236,

3

251 (2007)).  The trial court has no obligation "to meticulously sift through the entire record in every murder trial" to decide whether a lesser-included offense should be charged to the jury.  Id. at 273-74 (quoting State v. Choice, 98 N.J. 295, 299 (1985)).  Instead, only "if the evidence is jumping off the page . . . must the court give the . . . instruction" sua sponte.  Id. at 274 (quoting State v. Funderburg, 225 N.J. 66, 81-82 (2016)).

We likewise adopt the Appellate Division's comprehensive analysis of why defendant's plain error argument fails in this case:  "Even accepting the credibility of defendant's testimony, his version of the events that unfolded during the fatal confrontation fails to meet the 'clearly-indicated' standard as to have required a jury instruction on passion/provocation manslaughter sua sponte."  Id. at 293.  As the Appellate Division persuasively detailed, defendant did not testify that he was involved in any previous physical fight with K.P.  Ibid.  Although he testified he believed that K.P. was holding a syringe, he did not say that K.P. threatened to use the syringe as a weapon, had previously "assaulted anyone with a syringe[,] or had ever explicitly threatened to do so."  Id. at 295.  According to defendant, K.P. began approaching from thirty feet away.  Ibid.  Defendant did not testify that K.P. was running at him, was "close enough to have used a syringe as a weapon," or was "holding the object in his hand as if preparing to strike with it."  Ibid.

4

Defendant did not request a passion/provocation instruction at the charge conference. We agree with the Appellate Division that it was not plain error for the trial court not to give it sua sponte. See id. at 296-97.

We depart from the Appellate Division's decision only as to whether a new procedural rule is warranted. The Appellate Division observed that in a murder prosecution in which self-defense is raised, defendants "often enough" appeal as plain error the trial court's failure to sua sponte issue a passion/provocation instruction to the jury. Id. at 260. The Appellate Division rejected the "notion . . . that a court must instruct the jury on passion/provocation manslaughter whenever self-defense is raised in a murder prosecution." Id. at 258. But the court held that "prophylactic measures" were "warrant[ed] . . . to ensure that this fact-sensitive issue is considered in the first instance by the trial court and not . . . by an appellate court after a verdict has already been rendered." Id. at 260. The Appellate Division therefore recommended a new procedural rule:

> when, in a murder prosecution, the trial court determines to instruct the jury on self-defense at the charge conference conducted pursuant to Rule 1:8-7(b), the court should also consider and make specific findings on the record as to whether to instruct the jury on the lesser-included offense of passion/provocation manslaughter, regardless of whether either party has requested that instruction.
>
> [Ibid.]

5

To implement its proposed new rule, the Appellate Division recommended that the Committee on Model Criminal Jury Charges consider revising the model jury instructions for murder, aggravated manslaughter, manslaughter, and self-defense. Id. at 301.

The Appellate Division reasoned that the new procedural rule was essential "to avoid whenever possible the need to reverse an otherwise valid jury verdict" when the failure to instruct the jury sua sponte on passion/provocation manslaughter constitutes plain error. Id. at 297-98. The court also concluded that "trial judges, not appellate courts, should decide in the first instance what jury instructions should be delivered," id. at 298, and the decision should be "placed on the record to facilitate appellate review," id. at 301. The Appellate Division emphasized that its new procedural rule did not "alter the 'clearly-indicated' standard that applies when the defendant has not requested the passion/provocation manslaughter charge or objects to it." Id. at 301-02. The new rule was simply designed "to ensure that the applicable standard . . . is applied in the first instance by the trial court before a verdict is rendered, rather than by an appellate court reviewing a cold record." Id. at 302.

The Appellate Division cited only two published cases in the past three decades in which a jury verdict was reversed because the court's failure to

6

instruct the jury on passion/provocation manslaughter sua sponte, when the defendant did not request the charge, was found to be plain error. Id. at 297 n.16, 298 n.17 (citing State v. Viera, 346 N.J. Super. 198, 214 (App. Div. 2001), and State v. Robinson, 136 N.J. 476, 492 (1994), respectively). In their comprehensive briefing, defendant Timothy Canfield, the State, the Association of Criminal Defense Lawyers of New Jersey, and the Attorney General cite only one additional case, State v. Blanks, 313 N.J. Super. 55 (App. Div. 1998). Given the apparent infrequency of such plain errors, we do not view the Appellate Division's proposed procedural rule to be critical to protecting otherwise valid jury verdicts from reversal.

The Appellate Division's proposed rule also aimed to ensure that the relevant standard would be applied initially by the trial court, not "an appellate court reviewing a cold record." Canfield, 470 N.J. Super. at 302. But as the Appellate Division correctly noted, the rational-basis standard applies only when a defendant requests a passion/provocation manslaughter instruction during the charge conference. Id. at 292. Therefore, that standard is necessarily "applied in the first instance by the trial court before a verdict is rendered," see id. at 302, to adjudicate defendant's request. See Crisantos, 102 N.J. at 278 (noting that, when a defendant requests a lesser-included offense

7

charge, the trial court must "examine the record thoroughly to determine if the rational-basis standard has been satisfied").

The only practical change the Appellate Division's new procedural rule would engender is to require trial courts to apply the "clearly indicated" standard in the first instance during the charge conference whenever the defendant does not request a passion/provocation charge or opposes it. We do not consider such a modification necessary.

The "clearly indicated" standard was specifically created by appellate courts and is more appropriately a tool of post-verdict and appellate review. As the Appellate Division noted, when the defendant does not request the instruction, the trial court has no obligation "to meticulously . . . sift through the entire record" to decide whether a lesser-included offense should be charged to the jury. Canfield, 470 N.J. Super. at 274 (quoting Choice, 98 N.J. at 299). Instead, only "if the evidence is jumping off the page" of the trial court record must the instruction be given sua sponte. Ibid. (quoting Funderburg, 225 N.J. at 81).

Appellate courts during the appellate review process are better suited than trial courts conducting charge conferences to determine whether evidence is "jumping off the page" of the trial court record. That is because the trial court record generally does not exist in complete written form while a trial is

8

ongoing and Superior Court judges ordinarily do not receive copies of daily transcripts. Instead, transcripts are often ordered in preparation for an appeal. See R. 2:5-3. Without a transcript of the entire trial, it is difficult for the trial court to determine what evidence "is jumping off the page" during the charge conference -- there is no page from which to jump.

Even if a trial judge were to have a transcript of the entire trial available, considering what evidence is "jumping off the page" is challenging during the urgency of a charge conference while the jury is empaneled. As part of the appellate review process, the parties can, aided by the transcript, cite relevant portions of the record to the panel in their written briefs. See R. 2:5-4; R. 2:6-2(a)(5), (6). Appellate judges, therefore, are not left to review the record on their own. On the other hand, when deciding what to charge the jury at a charge conference, the trial court does not have the benefit of lengthy written briefs that cite relevant portions of the record. Instead, trial judges must make decisions based on limited briefing and argument in the pressured environment of an ongoing trial.

We therefore part ways with the Appellate Division as to its recommended procedural rule. Because we believe the current practice correctly balances the interests of the prosecution, the defense, and the public, see Choice, 98 N.J. at 300-01, we decline to adopt the proposed rule.

9

The judgment of the Appellate Division is affirmed as modified substantially for the reasons expressed therein.


CHIEF JUSTICE RABNER; JUSTICES PATTERSON, SOLOMON, PIERRE-LOUIS, WAINER APTER, and FASCIALE; and JUDGE SABATINO (temporarily assigned) join in this opinion.